**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 22-4724**

———————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

JAMES CHRISTOPHER DAVIS,

        Defendant - Appellant.

———————————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:22-cr-00055-WO-1)

———————————

Submitted:  June 30, 2023                          Decided:  July 11, 2023

———————————

Before DIAZ, Chief Judge, WYNN, Circuit Judge, and KEENAN, Senior Circuit Judge.

———————————

Dismissed by unpublished per curiam opinion.

———————————

**ON BRIEF:**  Louis C. Allen, Federal Public Defender, Charles L. White, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  K. P. Kennedy Gates, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Christopher Davis pled guilty, pursuant to a written plea agreement, to transporting child pornography, in violation of 18 U.S.C. § 2252A(a)(1), (b)(1). The district court sentenced Davis to 160 months' imprisonment and 10 years of supervised release. Davis' counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but raising as an issue for review whether Davis' sentence is unreasonable. Davis was informed of his right to file a pro se supplemental brief, but he has not done so. Invoking the appeal waiver in Davis' plea agreement, the Government moves to dismiss the appeal. Davis' counsel has responded. We grant the Government's motion to dismiss the appeal.

Pursuant to a plea agreement, a defendant may waive his appellate rights. *United States v. Archie*, 771 F.3d 217, 221 (4th Cir. 2014). Where, as here, the Government seeks enforcement of an appeal waiver and there is no claim that it breached its obligations under the plea agreement, we will enforce the waiver to preclude an appeal of a specific issue if the waiver is valid and the issue falls within the scope of the waiver. *United States v. Blick*, 408 F.3d 162, 168 (4th Cir. 2005). Whether a defendant validly waived his right to appeal is a question of law we review de novo. *Id.* The validity of an appeal waiver depends on whether the defendant knowingly and voluntarily waived his right to appeal. *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018). To determine whether a waiver is valid, we examine "the totality of the circumstances, including the experience and conduct of the defendant, his educational background, and his knowledge of the plea agreement and its terms." *Id.* (internal quotation marks omitted). "Generally . . . if a district court

2

questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver," the waiver is both valid and enforceable.  *Id.* (internal quotation marks omitted).

We have thoroughly reviewed the record and conclude that Davis knowingly and voluntarily waived his rights to appeal.  In the plea agreement, Davis waived the rights to appeal his "conviction and sentence on any ground."  The challenge to Davis' sentence counsel raises for review falls squarely within the scope of Davis' valid waiver of appellate rights.

In accordance with *Anders*, we also have reviewed the remainder of the record in this case and have found no meritorious grounds for appeal.  We therefore grant the Government's motion to dismiss the appeal.  This court requires that counsel inform Davis, in writing, of the right to petition the Supreme Court of the United States for further review. If Davis requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Davis.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

3